IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Health Professionals & Allied Employees, AFT/AFL-CIO,<br><br>      Petitioner,<br><br>      v.<br><br>MHA, LLC, d/b/a Meadowlands Hospital Medical Center,<br><br>      Respondent. | Civil Action No. 17-cv-13301 |

**COMPLAINT & PETITION TO
ENFORCE ARBITRATION AWARD**

This is an action brought under the Labor-Management Relations Act ("LMRA"), as amended, 29 U.S.C. § 185(a), to confirm and enforce a labor arbitration award entered pursuant to a collective bargaining agreement ("CBA") between an employer and a labor organization, which ordered the defendant hospital to comply with the CBA by increasing union-represented employees' wages pursuant to the "years of experience" step scale in the CBA and required the hospital to immediately move affected union-represented employees to the correct step and to grant them backpay with interest.

In support thereof, Petitioner Health Professionals & Allied Employees, AFT/AFL-CIO ("HPAE" or the "Union") alleges as follows:

## The Parties

1. Petitioner Union is a labor organization representing employees in industries affecting commerce within the meaning of the LMRA, 29 U.S.C. §§ 142, 152, and 185. The

1

Union maintains its principal office at 110 Kinderkamack Road, Emerson, New Jersey. The Union represents members employed within the federal judicial District of New Jersey.

2. Respondent MHA, LLC ("MHA"), d/b/a Meadowlands Hospital Medical Center is an employer engaged in an industry affecting commerce within the meaning of the LMRA, 29 U.S.C. §§ 142, 152, and 185. MHA is a privately held New Jersey corporation. MHA maintains its principal place of business at 55 Meadowlands Parkway, Secaucus, New Jersey. MHA employs Union-represented workers at Meadowlands Hospital Medical Center within the federal judicial district of New Jersey.

## Jurisdiction & Venue

3. This Court has jurisdiction over this action pursuant to § 301(a) of the LMRA, 29 U.S.C. § 185(a), and 28 U.S.C. §§ 1331, 1337.

4. Venue is proper in this District pursuant to 29 U.S.C. § 185 and 28 U.S.C. § 1391, because Respondent is located within this judicial district and because the events giving rise to this claim occurred in this District.

## Facts

### The Parties' Collective Bargaining Agreements

5. At all times relevant to this dispute, the Union and MHA were parties to three labor contracts, or collective bargaining agreements ("CBAs"), establishing the terms and

conditions of employment of three bargaining units of Hospital employees: the Registered Nurse Unit, the Technical Unit, and the Service Unit. True and correct copies of the Registered Nurse Unit CBA ("RN CBA") and the Technical Unit CBA ("Technical CBA") are attached to this Complaint as Exhibits A and B.

6. Each of the three CBAs expired on May 31, 2016.

7. Following expiration, the parties engaged in negotiations for successor CBAs; and recognized that the CBAs' terms continue to establish employees' terms and conditions of employment, consistent with the requirements of applicable labor law.

8. Article 9 of the RN CBA contains the parties' agreement that "a grievance is defined as a dispute arising out of the application or interpretation of any of the provisions of this [CBA];" "if a grievance is not satisfactorily adjusted" by the parties themselves through a series of steps outlined in the CBA, "the Union may refer the matter to arbitration . . . ." (Exh. A at 14).

9. Article 9 of the RN CBA further provides that "[b]oth parties agree to accept the decision of the arbitrator as final and binding. If either party fails to comply with the award of the arbitrator or the procedures of this Article, either party has the right to take all legal action to enforce compliance." (Exh. A at 15).

10. Article 9 of the Technical CBA contains identical language as that quoted in Paragraphs 8 and 9 of this Complaint, defining a grievance and providing for final and binding arbitral resolution of the parties' disputes. (Exh. B at 12-13).

11. Article 19 of the RN CBA is titled "Wages." Among other provisions, it sets forth the parties' agreement that "[t]he following scales will be in place for the term of the contract." (Exh. A at 22).

12. One of the "scales" detailed within Article 19 of the RN CBA is the "RN Wage and Experience Step Scale," which provides for increasing rates of pay corresponding to increasing "steps," or "years of experience." (Exh. A at 23).

13. Article 19 of the RN CBA contains the parties' agreement that "[n]o employee will progress through the steps in the first year of this contract (6/1/09-5/31/10). Thereafter employees will proceed to the next step on the progression (no 'catch up' for the missed year)," and the parties' agreement that "[e]ach employee will be placed on a step equal to their total experience as a Registered Nurse. Hospital experience, including experience in a foreign hospital, shall be credited on a one to one basis. Experience in a nursing home or other non-hospital settings shall be credited basis [sic] of one year for every two years of experience. Newly hired employees shall be placed on the scale in the same manner as described above. No RN will be hired in at a higher rate than current RN with equal experience." (Exh. A at 23).

14. Article 19 of the Technical CBA provides that "[t]he wage scales for each title" of job governed by the CBA "will be listed in Appendix D-M," and references "Wages and Steps 0-20, 25 and 30." (Exh. B at 18).

15. Like the corresponding article of the RN CBA, Article 19 of the Technical CBA contains the parties' agreement that "[n]o new employee shall be hired at a higher rate than a current employee in the same classification with equal experience," and that "[n]o employee will progress through the steps in the first year of this contract. Thereafter employees will proceed to the next step on the progression (no 'catch up' for the missed year)." (Exh. B at 18).

16. Appendices D-L of the Technical CBA set forth a "Wage Scale" for job titles governed by the CBA; like the wage scale in the RN CBA, each of these wage scales provide for increasing rates of pay corresponding to increasing "steps," or "years of experience." (Exh. B at 35-43).

17. Article 5 of both the RN and Technical CBAs concerns seniority. (Exh. A at 9; Exh. B at 8).

## The Grievance & Resulting Arbitration Award

18. On June 18, 2014, the Union filed a grievance identifying "[a]ll RN and Tech BU [bargaining unit] members" as grievants, and asserting that the Hospital had failed to pay the "grievants [the] correct hourly rate" in violation of Articles 5 and 19 of the RN and Technical Unit CBAs, respectively, and Appendices D through L of the Technical Unit CBA.

19. The Union filed a demand for arbitration with the American Arbitration Association ("AAA").

20. AAA appointed Arbitrator Michael Pecklers, Esq., to preside over the proceeding, which was docketed as AAA Case No. 01-15-0005-5621.

21. A hearing was held before Arbitrator Pecklers on October 26, 2016, at which time the Union and MHA were afforded a full opportunity to present testimony, examine and cross-examine witnesses, and introduce documentary evidence in support of their respective positions. Both parties did so.

22. Following the hearing, both parties submitted post-hearing briefs in support of their respective positions on the issue before the arbitrator.

23. On January 11, 2017, Arbitrator Pecklers issued his Opinion and Award. A true and correct copy of the Award is attached to this Complaint as Exhibit C.

24. Arbitrator Pecklers recited the parties' "stipulation of the issue" as "[d]id the Hospital violate the Collective Bargaining Agreement when it paid wages to Nurses and Technical Employees in the fashion they were paid? If so, what shall be the remedy?" (Exh. C at 4).

25. In his Award, Arbitrator Pecklers took notice "that there are no threshold challenges to arbitrability present." (Exh. C at 47).

26. The Arbitrator recited the parties' stipulation that "[t]he grievance was initiated when the Union claimed that wages should have been paid on a scale that moved horizontally and vertically and the Hospital asserted that the agreement provides for horizontal movement only." (Exh. C at 49, ¶ 6).

27. The Arbitrator concluded that "the plain meaning of this contract language" concerning "years of experience" step increases, "is that after a 'step freeze' in the first year [of the CBAs], RN and Technical bargaining unit members should advance vertically as well as horizontally" along the contractual wage scales. (Exh. C at 52).

28. Accordingly, the Arbitrator entered his Award, ordering:

> THE GRIEVANCE IS SUSTAINED. THE HOSPITAL SHALL CEASE AND DESIST FROM ITS FAILURE TO ADVANCE EMPLOYEES OF THE RN AND THE TECHNICAL UNIT VERTICALLY ON THE STEPS OF THE SALARY GUIDES. ALL EMPLOYEES SHALL BE IMMEDIATELY PLACED ON THE CORRECT STEP, COMMENCING WITH THE YEAR AFTER THE WAGE FREEZE. BACK PAY IS AWARDED, RETROACTIVE TO TEN (10) DAYS PRIOR TO THE FILING OF THE INSTANT GRIEVANCE ON JUNE 18, 2014, WHICH SHALL BE SUBJECT TO INTEREST AT THE RATE PROVIDED IN *NEW HORIZONS*, 283 NLRB 1173 (1987) AND COMPOUNDED ON A DAILY BASIS AS PRESCRIBED BY *KENTUCKY RIVER MEDICAL CENTER,* 356 NLRB 6 (2010). THIS MATTER IS REMANDED TO THE PARTIES FOR ENFORCEMENT, CONSISTENT WITH THE FOREGOING GUIDANCE. JURISDICTION IS RETAINED, SOLELY TO ADDRESS ANY REMEDIAL ISSUES IN THE EVENT THEY SUBSEQUENTLY ARISE. THIS CONSTITUTES THE ENTIRE AWARD IN THIS CASE.

(Exh. C at 61).

### MHA's Failure to Comply with the Arbitration Award

29. Beginning on January 18, 2017, and continuing through December Union has demanded on multiple occasions throughout 2017 that MHA comply with Arbitrator Pecklers's Opinion and Award.

30. On October 17, 2017, the Union presented MHA with its calculation that MHA owed affected employees approximately $273,935.18, representing backpay with

interest calculated using the method specified in the Arbitrator's Award, through the end of December 2016.

31. The Union made its most recent demand on December 13, 2017, when MHA took the position that it intended to change the wages of all employees based on their "actual experience," in contravention of the Award ordering MHA specifically to "ceast and desist from its failure to advance employees of the RN and the technical unit <u>vertically</u> on the steps of the salary guides." (Exh. C at 61 (emphasis added)).

32. From the date that Arbitrator Pecklers issued his Opinion and Award on January 11, 2017, to the present, the Hospital has failed to comply with his order that "all employees shall immediately be placed on the correct step." (Exh. C at 61).

33. Similarly, from the date that Arbitrator Pecklers issued his Opinion and Award on January 11, 2017, to the present, the Hospital has failed to comply with his order that the Hospital grant each affected employee "back pay . . . retroactive to ten (10) days prior to the filing of the instant grievance on June 18, 2014, which shall be subject to interest" calculated by the rates and method specified, to the date backpay is actually awarded. (Exh. C at 61).

34. MHA has not moved, in a court of competent jurisdiction or otherwise, for an order vacating, correcting, or otherwise modifying Arbitrator Pecklers's Award within the 90-day limitations period in the applicable New Jersey arbitration statute, N.J. Stat. § 2A:24-7.

35. MHA has refused and is refusing, without any justification or legal defense, to abide by the remedy specified in Arbitrator Pecklers's Award and seeks to avoid its obligation under both the CBA and the Award.

### MHA's Imminent Sale of the Hospital

36. On May 9, 2016, MHA entered into an asset purchase agreement ("APA") for the sale of Meadowlands Hospital Medical Center to NJMHMC, LLC ("NJMHMC"). A true and correct copy of the APA is attached hereto as Exhibit D.

37. As set forth in the APA, the sale price of the hospital is $12,200,000, $5,000,000 of which the buyer will pay upon closing. MHA will finance the remaining $7,200,000, "by delivery at Closing of a promissory note of Buyer payable to Seller," which the buyer will repay at a rate of approximately $1,300,000 over six years. (Exh. D at 10).

38. One of the conditions precedent to the sale of the hospital, as set forth in the APA, is approval by New Jersey's Department of Health ("DOH") of the transfer of the license required to operate the hospital.

39. On July 1, 2016, MHA applied to the DOH for a Certificate of Need permitting MHA to transfer the license to operate the hospital to the buyer, NJMHMC.

40. On December 15, 2017, the acting Commissioner of Health approved the sale of the hospital and the transfer of the license to operate it. A true and correct copy of the Commissioner's approval is attached hereto as Exhibit E.

41. The APA provides that "the consummation of the transactions contemplated by this Agreement," specifically the sale of the Hospital and the transfer of the license

to operate it, "shall take place . . . on the tenth day after all of the conditions to Closing . . . are either satisfied or waived."

42. MHA, through its counsel, has informed the Union that the sale of the hospital and the transfer of the license are scheduled to occur on December 22, 2017.

## COUNT I

43. The Union incorporates by reference Paragraphs 1 through 42 of the Complaint as though fully set forth herein.

44. Arbitrator Pecklers determined that the Hospital violated the parties' CBA by failing to increase Union-represented employees' wages pursuant to the "years of experience" step scale and required the Hospital to immediately move affected Union-represented employees to the correct step and to grant them backpay with interest.

45. The Award issued by Arbitrator Pecklers is final, conclusive, and binding on the parties.

46. Because the Hospital has not filed a timely action to vacate or modify the Award, it is now precluded from contesting the Award or the Arbitrator's findings.

47. By resolving a grievance filed under the RN and Technical CBAs, the Arbitrator Pecklers's Award became part of the CBAs.

48. MHA's failure and refusal to comply with the Award places it in breach of that contract.

49. Because the Hospital has failed and refused to abide by the Arbitrator's Award and has not moved Union-represented employees to the correct step and grant them backpay with interest calculated using the rates and method specified in the Arbitrator's Award, all affected Union-represented employees should now be moved to the correct step and granted backpay from the date specified in the Arbitrator's Award until the date backpay is actually granted, with interest calculated to that date using the rates and method specified in the Arbitrator's Award, and specifically be granted $273,935.18 representing the amount of backpay and interest owed as of December 31, 2016, pursuant to the arbitrator's award, in addition to backpay and interest accrued and accruing to date.

50. MHA's failure and refusal to comply with the Award is unjustified. Accordingly, HPAE should be awarded an amount representing the costs and reasonable attorney's fees incurred in bringing this action.

WHEREFORE, HPAE respectfully requests that this Court enter judgment for the Petitioner and against the Respondent and grant the following relief:

a) Enforce and confirm the January 11, 2016, Award of Arbitrator Pecklers;

b) Order MHA to comply with, carry out, and fulfill the terms of the Arbitrator's Award by moving Union-represented employees to the correct wage step and granting each of them back pay from the date specified in the Arbitrator's Award until the date backpay is actually granted, with interest calculated to that date using the rates and method specified in the Arbitrator's Award;

c) Award to HPAE an amount representing the costs and reasonable attorney's fees incurred in the litigation of this action because of the Hospital's unjustified refusal to comply with the Award; and

d) Order such other relief as may be just and proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: December 19, 2017 | s/ Emma R. Rebhorn |
|  | Emma R. Rebhorn<br>General Counsel<br>Health Professionals & Allied Employees, AFT, AFL-CIO<br>110 Kinderkamack Road<br>Emerson, NJ 07630<br>(201) 262 5005<br>Erebhorn@hpae.org |